UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIOSIG INSTRUMENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE NAUTILUS GROUP, INC., <br><br> Defendant. | Case No. 04 CIV. 6654 (AKH) |

### DECLARATION OF HUMAYUN SIDDIQI, ESQ.

I, Humayun Siddiqi, declare as follows:

1. I am an attorney with the Law Offices of Zafar Siddiqi, attorneys of record in the above-captioned action, and I am licensed to practice in the State of New York.

2. I have been and remain counsel of record in the instant action since before the action was filed and I have personal knowledge of the facts set forth below.

3. On November 12, 2004, I sent a letter and claim chart to counsel for Nautilus demonstrating that Nautilus's Schwinn SRB exercise bicycle infringed claim 1 of Biosig's U.S. Patent No. 5,337,753 (the '753 patent). The materials I sent included a detailed table and PowerPoint presentation, complete with pictures, graphically demonstrating where each feature of the patent claim 1 is found in Nautilus's products. The materials also included a preliminary listing of approximately 30 Nautilus products that infringe. Nautilus never provided a written response denying that the heart rate monitoring circuits it uses on its products differs in any way from the circuit of the patent.

4. I have analyzed Figure 2 of the '753 patent and the patent claims. I have found that the circuit of Figure 2 corresponds to '753 patent claim 1.

5. Attached as Exhibit 1 hereto is a true and correct copy of the September 22, 2008 Expert Report of Dr. Henreitta Galiana, Ph.D. and the accompanying Appendices.

6. Attached as Exhibit 2 hereto is a true and correct copy of selected portions of the September 10, 2008 deposition of Dr. Dyro.

7. Attached as Exhibit 3 hereto is a true and correct copy of correspondence between Biosig and Stairmaster, which was obtained from Biosig's business records.

8. Attached as Exhibit 4 hereto is a true and correct copy of an analysis of the Schwinn SRB and claim 1 of the '753 patent, which I caused to be delivered to Nautilus on November 12, 2004.

9. I was in attendance at the May 23, 2008 Status Hearing. At that hearing, Nautilus agreed in Court to produce on an expedited basis its documents relating to Biosig and/or the '753 patent. Biosig has sent Nautilus repeated requests, but to this day, Nautilus produced nothing. Nautilus promised to send a privilege log of documents withheld. To this day, it has not done so. Attached as Exhibit 5 is a true and correct copy of Biosig's correspondence seeking discovery from Nautilus.

10. On May 6, 2008, Biosig served comprehensive discovery requests upon Nautilus. Nautilus served only routine objections to each and every request, and has yet to provide any substantive response. Nautilus's non-substantive discovery responses are attached as exhibit 7 and 8 to Court Docket # 22.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 22, 2008         By: _____

                                  Humayun Siddiqi

## INDEX OF EXHIBITS

| Exhibit 1 | Expert Report Of Dr. Galiana and accompanying Appendix |
|---|---|
| Exhibit 2 | Selected portions of the September 10, 2008 deposition of Dr. Dyro |
| Exhibit 3 | Correspondence between Biosig and Stairmaster |
| Exhibit 4 | Claim chart, complete with pictures, demonstrating where each feature of the patent claims is found in Nautilus's products |
| Exhibit 5 | Chronology of Biosig's correspondence seeking discovery from Nautilus |