UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
BIOSIG INSTRUMENTS, INC.,                           :
                                                    :
                              Plaintiff,            :   **ORDER DENYING DAUBERT**
                                                    :   **OBJECTION AND DENYING**
              -against-                             :   **MOTION FOR SUMMARY**
                                                    :   **JUDGMENT AS PREMATURE**
THE NAUTILIS GROUP, INC.,                           :
                                                    :   04 Civ. 6654 (AKH)
                              Defendant.            :
                                                    :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      In this patent case, reassigned to me after the retirement of Hon. Michael Bernard Mukasey, former Chief Judge of this court, defendant, The Nautilus Group, Inc. ("Nautilus") moves for summary judgment resolving the case in its favor. Its argument is that the patent is fatally deficient in satisfying the description and enabling requirements of section 112 of the patent laws, 35 U.S.C. § 112.

      Nautilus supports its motion by offering the expert report of Dr. Joseph F. Dyro. Biosig objects to the admissibility of his report, pursuant to FRE 104, 702 and <u>Daubert v. Merrill Dow Pharmaceuticals</u>, 509 U.S. 579 (1993). For the reasons stated below, the objection is denied and the expert's report is admissible.

      The patent in issue, U.S. Patent 5,337,753 (the "753 patent"), claims an invention for a heart rate monitor that reacts to electrodes held in a person's hands while exercising. Dr. Dyro proposes to testify that "a person of ordinary skill in the art would not be able to make and use" the claimed invention without undue experimentation, and that the patent does not disclose an operable invention.

1

Dr. Dyro has impressive academic and clinical experience in biomedical engineering. He graduated from the Massachusetts Institute of Technology ("M.I.T.") in 1965 (B.S.), and from the University of Pennsylvania in 1968 (M.S.) and 1972 (Ph.D., Biomedical Engineering). He has had practical experience as a Senior Project Manager of an independent laboratory performing comparative evaluations of medical devices; he has consulted with hospitals on a wide variety of medical devices; he has performed comparative evaluations for the United States Food and Drug Administration of various monitoring and electrical devices. He has been a Director of Biomedical Engineering at University Medical Center, State University of New York at Stony Brook, a Professor of Biomedical Engineering at Touro, and a consultant for manufacturers on the design and safety of exercise bicycles, heart rate and respiration monitors, and other biomedical, engineering and electrical devices. I find him well qualified to deliver the opinions in his expert's report.

Biosig criticizes Dr. Dyro's report for not having been based on an effort to build the device claimed in the invention, nor to examine Biosig's or Nautilus' commercial products that are alleged to operate as claimed in the 753 patent. That may be a point of cross-examination or rebuttal of Dr. Dyro's testimony, although I note that issues of a patent's validity and infringement are based, not on commercial products, but on the description of the invention in the patent. Standard Coil Prods. Co. v. Gen. Elec. Co., 306 F.2d 319, 323 (2d Cir. 1962). In any event, it is not a basis to disqualify an expert's well-based testimony. The testimony of another expert offering a different opinion also is not grounds of disqualification.

Accordingly, Biosig's objection to the admissibility of Dr. Dyro's expert's report is denied.

Turning now to the motion for summary judgment, the motion is denied as premature and without prejudice to renewal.

The clash of expert opinions—Dr. Galiana for plaintiff and Dr. Dyro for defendant—suggests the need to ground the motion and opposition on their respective deposition testimony. If, after their depositions, their testimony continues to clash, counsel for defendant will have to reconsider whether or not to renew the motion to discuss the differing views of the experts, and the relevance and materiality of such views.

I understand that, for medical reasons, Dr. Galiana's deposition cannot be taken until early November.

Meanwhile, the parties shall pursue discovery on all issues of the case, with the view of completing all discovery proceedings as rapidly as possible.

SO ORDERED.

Dated: New York, New York
October 2, 2008

ALVIN K. HELLERSTEIN
United States District Judge